(162 App. Div. 152)

### VERDERBER v. STINE.

(Supreme Court, Appellate Division, Second Department. April 24, 1914.)

1. JUDGMENT (§ 167*)—OPENING DEFAULT—CONDITIONS OF RELIEF.

> Plaintiff's default, upon which a judgment for costs was entered in favor of defendant, should not have been opened without some compensatory terms to defendant.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 326, 330, 333, 334; Dec. Dig. § 167.*]

2. JUDGMENT (§ 143*)—OPENING DEFAULT—EXCUSES FOR DEFAULT.

> Where, in an action for slander brought in December, 1907, defendant was arrested and remained in technical custody under bond at his own expense for four years, and plaintiff, on the return day of a motion to dismiss for failure to prosecute in November, 1913, served a notice of trial, restoring the case to the day calendar for December 8th, but failed to appeal on that date, and offered no excuse for the failure, except her attorney's understanding from the calendar clerk that the case would be put at the end of the December calendar, her default should not have been opened.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

Appeal from Special Term, Kings County.

Action by Josephine Verderber against Mathias Stine, sued as Matthew Steine. From an order opening a default judgment for

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

costs in favor of defendant, he appeals. Reversed, and motion to open default denied.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Lawrence B. Cohen, of New York City (Myron L. Lesser, of New York City, on the brief), for appellant.

Edward J. Flanagan, of Brooklyn, for respondent.

PER CURIAM. [1] The defendant appeals from an order opening a judgment obtained in his favor against the plaintiff on default, for taxed costs and disbursements. This action was brought in December, 1907, for an alleged slander of the plaintiff, a married woman, which impugned her chastity. An answer was served early in February, 1910. The case was placed upon the trial term calendar of the Supreme Court in this county by the defendant. The plaintiff procured an order of arrest against the defendant, and he was taken into custody by the sheriff, and after imprisonment for several days he gave a bond in the sum of $500, and was released upon the jail limits. This bond has been renewed every year at the expense of the defendant. The case appeared upon the trial term calendar for April, 1910. The plaintiff in the meanwhile had gone to the state of Montana, and the case was marked "Off" the calendar. In November, 1913, the defendant moved for an order dismissing the action for failure to prosecute. On the return day of this motion, the plaintiff served a notice of trial, restoring the case to the day calendar of the Supreme Court for December 8, 1913, and the defendant thereupon withdrew his motion to dismiss. The case was placed upon the day calendar for December 8, 1913, and the plaintiff failed to appear, and judgment was taken against her, dismissing her complaint, with costs, which were taxed at $108.79. Thereafter the plaintiff made a motion to open the default and to set aside the judgment. This motion came on for hearing at Special Term on January 14, 1914, and the court denied the plaintiff's motion, and an order was entered accordingly. Shortly thereafter the plaintiff made a motion for a reconsideration of the determination of the court involved in the order denying her former motion. This came on again before the same justice, and he granted such reconsideration and reheard the motion, and made the order which is now appealed from. In making such order, he handed down a brief memorandum, from which it appears that he had overlooked the fact that the judgment as entered carried costs against the plaintiff, and in denying the motion to open her default he had thought that he left both parties even, but, finding afterwards that he did not, he granted the relief which is involved in the order now before us; that is to say, he granted the motion to open the default of the plaintiff, unless the defendant would agree to waive the judgment for taxed costs, in which event he denied the motion. It seems to us that this course was erroneous. The plaintiff was either in default or not. If in default unjustifiably, the defendant should not have been called on to waive the judgment for costs as taxed, or, in any event, if the Special Term thought the plain-

tiff was entitled to indulgence, the default should have been opened with some compensatory terms to the defendant.

[2] We think the default should not have been opened at all. The action was at issue about four years at the time the case appeared on the calendar for trial and the default was taken. The plaintiff had caused the defendant to be arrested and put to bail, and he remained in technical custody under bond at his own expense all these four years. In Manning v. Wambold, 146 App. Div. 318, 130 N. Y. Supp. 616, we expressed the opinion that where a plaintiff causes the defendant to be arrested and put to bail, there is an obligation upon the plaintiff to bring the action as promptly to trial as may be done under ordinary circumstances. It appears from the motion papers that as soon as this default was granted and the judgment entered, the defendant brought an action in the Municipal Court to recover damages under the undertaking given by the plaintiff when he was arrested. This undertaking was in the sum of $250. The only excuse that the plaintiff's attorney gives for his failure to appear on December 8, 1913, when the case was restored and set down for trial, is that he understood from the calendar clerk of Trial Term that the case would be put at the end of the December calendar, and that therefore he paid no attention to the day calendar of the court as of December 8, 1913. His notice restoring the case to the day calendar was for that day, but he claims to have been misled by the statement made to him by the calendar clerk. We think this excuse should not be of any avail, under the circumstances.

The order should be reversed, with $10 costs and disbursements, and the motion to open the default denied, with $10 costs.